UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LA CARRIERS, LLC, as owner and Operator of the M/V TRISTEN | CIVIL ACTION NO. 13-06731 C/W 14-203 SECTION "L" JUDGE ELDON E. FALLON |
| VERSUS | |
| FIVE B'S, INC. In personam M/V BEVERLY G. BARRIOS, in rem | MAGISTRATE JUDGE MICHAEL NORTH |

Deposition of JODY BERNARD, 359 East 18th Street, LaRose, Louisiana 70373, taken in the offices of Joseph F. Gaar, Jr., 617 S. Buchanan Street, Lafayette, Louisiana on Thursday, January 29, 2015.

REPORTED BY:
    BETTY GLISSMAN
    CERTIFIED COURT REPORTER



DEFENDANT'S EXHIBIT B

```
 1  APPEARANCES:
 2       LAW OFFICES OF JOSEPH F. GAAR, JR.
         (BY:  JASON M. WELBORN, ESQUIRE)
 3       617 S. Buchanan Street
         Lafayette, Louisiana  70501
 4
              ATTORNEYS FOR THE PLAINTIFF
 5
 6        STAINES & EPPLING
         (BY:  JEFF D. PEULER, ESQUIRE)
 7       3500 North Causeway Boulevard
         Suite 820
 8       Metairie, Louisiana 70002
 9            ATTORNEYS FOR FIVE B'S, INC., TOTAL
              MARINE LOGISTICS, L.L.C., AND M/V
10            BEVERLY G. BARRIOS
11
         JONES, WALKER, LLP
12       (BY:  WILLIAM C. BALDWIN, ESQUIRE)
         201 St. Charles Avenue
13       Suite 5100
         New Orleans, Louisiana  70170
14
              ATTORNEYS FOR ENTERPRISE MARINE
15
16       FRILOT, LLC
         (BY:  ROBERT PATRICK RAY, ESQUIRE)
17       1100 Poydras Street
         Suite 3700
18       New Orleans, Louisiana  70501
19
              ATTORNEYS FOR LA CARRIERS, LLC
20
21
22  THE VIDEOGRAPHER:   BOB LAROUSSINI
23
24
25
```

EXAMINATION INDEX

Page

MR. PEULER          6
MR. BALDWIN       194
MR. RAY           259
MR. PEULER        263
MR. BALDWIN       273
MR. PEULER        275

EXHIBIT INDEX

Exhibit #1                                 18
Driver's License

Exhibit #2                                108
Statement of Jody Bernard
Exhibit #3                                108
Case Report

Exhibit #4                                109
Google Earth Maps
Exhibit #5                                161
United States Coast Guard Maritime
Information Exchange Incident
Investigation Report

Exhibit #6                                182
Job Listings

1        S T I P U L A T I O N

2

3        It is stipulated and agreed by and between
4   Counsel that the deposition of JODY BERNARD, on
5   Thursday, January 29, 2015, is hereby being taken
6   under the Federal Rules of Civil Procedure for all
7   purposes as permitted under law.

8

9        The witness reserves the right to read and
10  sign the deposition.  The original is to be
11  delivered to and retained by the noticing attorney
12  for proper filing with the Clerk of Court.

13

14       All objections, except those as to the form
15  of the question and/or the responsiveness of the
16  answers, are reserved until the time of the trial of
17  this cause.

18

19       Betty D. Glissman, Certified Court Reporter,
20  Certificate No. 86150, in and for the State of
21  Louisiana, officiated in administering the oath to
22  the witness.

23

24

25

1        Same objection.
2  BY MR. PEULER:
3      Q.    You just don't know?
4      A.    I don't think I told him that.  All I
5  told -- I asked him -- I would have to sit and think
6  about this one a while.  It's been a while and I did
7  many of pills in between, and the memory of that is
8  very fuzzy.  But I think all I wanted from him was
9  the report.  And the guy told me, he said we got it
10 on the AIS.  You was doing 1.7.  He was doing 6.7 or
11 7.7 when he hit you.
12           MR. PEULER:
13                Okay.  I will just object to the
14       non-responsiveness.
15           THE WITNESS:
16                Well, object.
17 BY MR. PEULER:
18     Q.    After you made contact with the TRISTEN
19 while --
20     A.    I was on the TRISTEN.
21     Q.    When you went under the bridge and you
22 passed the BEVERLY BARRIOS being on the TRISTEN --
23     A.    That had nothing to do with the accident,
24 dude.
25           MR. WELBORN:

1           Object to form.
2           You can answer.
3       THE WITNESS:
4           It wasn't long, dude. Within 10, 15
5   minutes -- I mean, you don't call somebody
6   when you are 20 miles away saying, hey, dude,
7   I would like to pass you when I catch up with
8   you.
9  BY MR. PEULER:
10      Q.    Right.
11      A.    When you are there, you call them and you
12 talk to them.
13      Q.    Right.
14      A.    And then you pass them.
15      Q.    Okay. So he calls. Y'all talk. 10 to
16 15 minutes later go by, and then he hits you and no
17 communication in between?
18      A.    Something like that, yes.
19      Q.    Okay. Now, at the time the MANNIE was
20 passing you, was there any other vessels coming in
21 the other direction?
22      A.    Yes, sir.
23      Q.    About how many?
24      A.    Well, they had three or four of them,
25 maybe two, three. They had boats there. I know

138

that much, because when they called each one of them -- when they called and asked me to overtake me -- and I know I talk too much -- I gave him the rights to overtake me as long as they checked with the other vessels that they would hold up. And the other boats agreed to let them overtake. They stopped, in other words, to let them overtake me, the other boats. I know I am putting wires in your head there.

    Q.    So the boats that were coming westbound stopped in order for the arrangement for the MANNIE to overtake you or for the BARRIOS to overtake you?

    A.    For both of them.

    Q.    Okay.

    A.    They were that close together, the MANNIE and the BEVERLY BARRIOS. Listen to me. When one cleared me, the other one was coming to pass me, but he hit me.

    Q.    So they were close by each other?

    A.    Yes. But the MANNIE had cleared me. He was -- the only thing that I wanted from him -- I couldn't think of the word -- is a report. I wanted him to write a report on the thing and the man told me wasn't involved in the accident. Well, I know that. I might have cursed him out. He could